

GERALD C. MANN
XXXXXXXXXXXXXXXX.
ATTORNEY GENERAL.

# THE ATTORNEY GENERAL
## OF TEXAS
AUSTIN, TEXAS

Hon. L. L. Geren
County Attorney
Limestone County
Groesbeck, Texas

Dear Sir:                    Attention of Mr. J. B. Engledow

Opinion No. O-1452
Re: Fees of a constable in examining
trials in Limestone County.

Your request for our opinion of the questions
as are herein stated has been received by this department.

Your letter reads in part as follows:

"Limestone County has a population of
39,497 according to the 1930 Federal Census.
A total of 4,059 votes were cast in Limestone
County at the 1936 presidential election.

"I desire your advice on the following
questions:

"1. To what fees is a constable of this
county entitled for services rendered in con-
nection with an examining trial?

"2. What charge should a constable of
this county make for mileage traveled in
executing a warrant of arrest within the county
in connection with an examining trial?

"3. What charge should a constable of
this county make for mileage traveled in going
after and conveying to this county for his
examining trial a prisoner arrested in another
county?"

Article 1020, Code of Criminal Procedure, reads

in part as follows:

".... Sheriffs and constables serving
process and attending any examining court in
the examination of any felony case, shall be
entitled to such fees as are fixed by law for
similar services in misdemeanor cases in
County Court to be paid by the State, not to
exceed Four and no 100 ($4.00) Dollars in any
one case, and mileage actually and necessarily
traveled in going to the place of arrest, and
for conveying the prisoner or prisoners to
jail as provided in Articles 1029 and 1030,
Code of Criminal Procedure, as the facts may
be, but no mileage whatever shall be paid for
summoning or attaching witnesses in the county
where case is pending. Provided no sheriff
or constable shall receive from the State any
additional mileage for any subsequent arrest
of a defendant in the same case, or in any
other case in an examining court or in any
district court based upon the same charge or
upon the same criminal act, or growing out of
the same criminal transaction, whether the
arrest is made with or without a warrant, or
before or after indictment, and in no event
shall he be allowed to duplicate his fees for
mileage for making arrests, with or without
warrant, or when two or more warrants of arrest
or capiases are served or could have been serv-
ed on the same defendant on any one day.

".... The fees mentioned in this Article
shall become due and payable only after the
indictment of the defendant for an offense
based upon or growing out of the charge filed
in the examining court and upon an itemized
account, sworn to by the officers claiming
such fees, approved by the Judge of the District
Court, ....

"Only one fee shall be allowed to any
officer mentioned herein for services rendered
in an examining trial, though more than one
defendant is joined in the complaint, or a
severence is had. When defendants are pro-
ceeded against separately, who could have been

proceeded against jointly, but one fee shall
be allowed in all cases that could have been
so joined. No more than one fee shall be
allowed to any officer where more than one
case is filed against the same defendant for
offenses growing out of the same criminal
act or transaction. The account of the officer
and the approval of the District Judge must
affirmatively show that the provisions of this
Article have been complied with."

There was more than three thousand (3,000)
votes cast at the last preceding presidential election
in Limestone County; however, said county had a popula-
tion of less than forty thousand inhabitants as shown
by the preceding Federal Census. Therefore, Article
1030, Code of Criminal Procedure, regarding fees of the
sheriff or constable, would be applicable to Limestone
County so far as it relates to the constable's compensa-
tion for mileage traveled in going to the place of
arrest and conveying the prisoner or prisoners to jail.

Article 1030, Code of Criminal Procedure, reads
in part as follows:

"In each county where there have been
cast at the preceding presidential election
less than 3,000 votes, the sheriff or consta-
ble shall receive the following fees when the
charge is a felony:

"1. For executing each warrant of arrest
or capias, or for making arrest without warrant,
when authorized by law, the sum of one dollar;
and five cents for each mile actually traveled
in going to the place of arrest, and for convey-
ing the prisoner or prisoners to jail, mileage,
as provided for in subdivision 4 shall be allow-
ed; provided, that in counties that have a popula-
tion of less than forty thousand inhabitants, as
shown by the preceding Federal Census, the follow-
ing fees shall apply: For executing each warrant
of arrest or capias, or for making arrest without
warrant, when authorized by law, three dollars
and fifteen cents for each mile actually and

necessarily traveled in going to place of arrest, and for conveying prisoners to jail, mileage as provided for in subdivision 4 shall be allowed; and one dollar shall be allowed for the approval of a bond.

"....

"4. For removing a prisoner, for each mile going and coming, including guards and all other expenses, when traveling by railroad, ten cents; when traveling otherwise than by railroad, fifteen cents; provided, that when more than one prisoner is removed at the same time, in addition to the foregoing, he shall only be allowed ten cents a mile for each additional prisoner."

It has been the departmental ruling of the Comptroller's office that Article 1030, Code of Criminal Procedure, applies to all counties regardless of the votes cast at the preceding presidential election when such counties have a population of less than forty thousand inhabitants as shown by the preceding Federal Census.

Article 1065, Code of Criminal Procedure, provides definite fees for certain services performed by the sheriff or other peace officer performing the same services in misdemeanor cases.

Article 1020, Code of Criminal Procedure, supra, specifically provides that the sheriff and constable serving process and attending any examining court in the examination of any felony case, shall be entitled to such fees as fixed by law for similar services in misdemeanor cases in county court.

In view of the foregoing statutes, you are respectfully advised that it is the opinion of this department that all items of costs for services rendered by a constable of Limestone County in connection with examining trial except charges for mileage traveled in going to the place of arrest and conveying the prisoner or prisoners to jail, the terms of Article 1065, Code of Criminal Procedure will apply, provided such officer's charge for these particular items of service does not exceed $4.00 in any one case.

You are further advised that in addition to the above mentioned fees when an arrest is made in the county

the constable is entitled to fifteen cents per mile for each mile actually and necessarily traveled in going to the place of arrest and ten cents per mile traveled in conveying such prisoner to jail when traveling by railroad; and when traveling otherwise than by railroad, fifteen cents; provided, that when more than one prisoner is removed at the same time, in addition to the foregoing, he shall only be allowed ten cents a mile for each additional person conveyed to jail on the same trip.

In answer to your third question, it is our opinion that where a constable goes after a prisoner arrested under an examining court warrant in another county and conveys such prisoner back to Limestone County for his examining trial, the constable is entitled to ten cents per mile for each mile going and coming, when traveling by railroad, or fifteen cents per mile for each mile going and coming when traveling otherwise than by railroad, and when more than one person is conveyed and moved at the same time, the constable shall be allowed ten cents a mile for each additional prisoner, such additional mileage to be computed on the basis of distance traveled in returning with such prisoner.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/    Ardell Williams
          Ardell Williams
          Assistant

AW:AW:jmc

APPROVED OCT 11, 1939

/s/ ROBERT E. KEPKE

Acting Attorney General of Texas

APPROVED OPINION COMMITTEE
BY B. W. B., CHAIRMAN